UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| OMNITRACS, LLC, et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>MOTIVE TECHNOLOGIES, INC.,<br><br>        Defendant. | Case No. 23-cv-05261-RFL<br><br>**CLAIM CONSTRUCTION ORDER RE: PREAMBLE OF CLAIM 1 OF THE '253 PATENT**<br><br>Re: Dkt. No. 460 |

      The preamble of Claim 1 of the '253 Patent states that what is claimed is "[a] vehicle event recorder system configured to be mounted in a vehicle, the vehicle event recorder system comprising" the various claimed elements. '253 Patent, cl. 1. During argument concerning jury instructions, the parties requested for the first time that the Court determine whether the phrase "configured to be mounted in a vehicle" is itself a claim limitation. For the reasons below, the Court concluded that the phrase does not limit the claims, and issued a corresponding jury instruction.

      "Generally, . . . the preamble does not limit the claims." *Am. Med. Sys., Inc. v. Biolitec, Inc.*, 618 F.3d 1354, 1358 (Fed. Cir. 2010). A preamble may be construed as limiting "if it recites essential structure or steps, or if it is 'necessary to give life, meaning, and vitality' to the claim." *Catalina Mktg. Int'l, Inc. v. Coolsavings.com, Inc.*, 289 F.3d 801, 808 (Fed. Cir. 2002). A preamble is not regarded as limiting, however, "when the claim body describes a structurally complete invention such that deletion of the preamble phrase does not affect the structure or steps of the claimed invention." *Id.* at 809.

      Here, the claim would still describe a structurally complete invention if the clause at issue were deleted from the claim, and the claim instead read: "A vehicle event recorder system

1

2

comprising: a camera . . . ." Specifically, the claim describes the "vehicle event recorder system" that contains the components listed in the limitations, such as the camera, memory, sensors, and controller. '253 Patent, cl. 1. Nothing in the remaining limitations contains an antecedent reference to the preamble. Nor has Motive identified anything in the specification or prosecution history that would require treating the preamble as limiting. Instead, the clause at issue describes the purpose or intended use of the invention—that is, the system is "configured to be mounted in a vehicle." That is directly analogous to *Arctic Cat Inc. v. GEP Power Prods., Inc.*, 919 F.3d 1320, 1329 (Fed. Cir. 2019). There, when the preamble recited a "power distribution module for a personal recreational vehicle," the phrase "personal recreational vehicle" was not limiting, because the preamble simply stated the intended use. *Id.* The same logic applies to the preamble at issue here.

**IT IS SO ORDERED.**

Dated: April 23, 2025

RITA F. LIN
United States District Judge